**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KIM DALE, ) <br> ) <br> Defendant. ) <br> ) | **CRIMINAL ACTION** <br><br> No. 13-10029-01 |

**MEMORANDUM DECISION**

Before the court are the following:

1. Defendant's notice of appeal (Doc. 1);

2. Defendant's brief on appeal (Doc. 3); and

3. Government's brief on appeal (Doc. 5).

In addition to these submissions, the court has reviewed the designated portions of the jury trial transcript (Doc. 3-2).

Following a jury trial presided over by U.S. Magistrate Judge Ken Gale, defendant was convicted of two counts of violation of 18 U.S.C. § 111(a)(1), both misdemeanors. The facts and circumstances of the case are not seriously in dispute and, in any event, are viewed in the light most favorable to the jury's verdict.

The elements of the offenses are set forth in the government's brief (Doc. 5 at 12). Defendant does not contend that magistrate judge's instructions to the jury were erroneous. Rather, defendant contends that even under proper instructions, the evidence as to Count 1 was insufficient to show that she forcibly resisted, opposed, impeded, intimidated or interfered with deputy clerks Schoonover or Golay because of the counter, glass window and locked door which

physically separated defendant from the clerks.

As the government points out in its brief (Doc. 5 at 13-14), both clerks testified that they were frightened and intimidated by defendant's actions, which interfered with and impeded their ability to perform their official tasks. The fact that defendant was prevented by a physical barrier from assaulting or battering the clerks (the court assumes that defense made this argument to the jury) does not render the evidence insufficient.

Defendant makes an even less persuasive argument with respect to Count 2, her encounter with the marshals and the court security officer. She asserts that she ". . . never initiated any of the physical contact she had with the officers." As the government points out (Doc. 5 at 13), there is no requirement that she physically touch anyone. The evidence is not only sufficient, but essentially uncontroverted, that she resisted, opposed, impeded and interfered with the officers. Indeed, the record before the court shows that the officers acted with commendable restraint, considering defendant's actions.

Accordingly, defendant's convictions are affirmed.

IT IS SO ORDERED.

Dated this __6th__ day of May 2013, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE